**Ronald SMITH, Plaintiff—Appellant,**

v.

**John E. POTTER, Postmaster General of the United States, Defendant—Appellee.**

**No. 04–17421.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 20, 2006.

John P. Doyle, Esq., San Francisco, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Abraham A. Simmons, Esq., Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM **

Ronald Smith appeals from the district court's summary judgment for the Postmaster General John E. Potter in his action under the Rehabilitation Act alleging failure to reasonably accommodate his learning disability. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment on Smith's claim that his employer failed to accommodate his disability because Smith failed to raise a genuine issue of material fact as to whether his inability to write quickly and legibly substantially limits his ability to learn or work. *See Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 197–98, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (a person who is disabled within the meaning of the Americans with Disabilities Act or the Rehabilitation Act must have an impairment that substantially limits his ability to engage in a major life activity); *see also Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789 (9th Cir.2001), *opinion clari-*

---

*fied by,* 292 F.3d 1045, 1046 (2002) (an inability to engage in continuous handwriting is not a substantial limitation).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.